IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

NORFOLK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 2:12cr44 |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| DENNIS O. NEWSOME | ) | |

**FILED IN OPEN COURT**
**AUG 23 2012**
**CLERK, U.S. DISTRICT COURT**
**NORFOLK, VA**

## STATEMENT OF FACTS

If this matter had gone to trial, the United States would have proven the charges contained in counts one through four of the superseding indictment beyond a reasonable doubt, by proof of the following facts, among others:

Beginning in or about 2005 and continuing through November 2010, defendant DENNIS NEWSOME owned and operated an online business, known as PCTech101, which sold computer software, education, and training materials, among other items, to customers via the Internet. NEWSOME operated this business from his home and by means of websites (at www.pctech101.com and www.pctech101.net).

In or before 2008, DENNIS NEWSOME received communications from businesses that discovered that copies of copyrighted works for which they owned the exclusive reproduction and distribution rights under U.S. copyright laws, were offered for sale on one or both of NEWSOME's websites. Such businesses informed NEWSOME that they owned copyrighted works offered for sale on PCTech101's website(s) and requested, among other things, that NEWSOME and PCTech101 cease such conduct. In response, NEWSOME sometimes agreed to remove the offending material from his website(s) and/or claimed that, because he obtained the

works via free on-line file-sharing networks, he believed that the copyright owner made the materials freely available to promote the sale of other related products.[1]

NEWSOME made such a statement, for example, in a July 13, 2006 email to an attorney representing John Wiley & Sons, Inc. ("Wiley"). This communication occurred during a civil copyright infringement action that Wiley brought against NEWSOME. Wiley instituted suit in the United States District Court for the Southern District of New York (case #06 Civ. 4326) on June 8, 2006, after prior communications asking NEWSOME to cease and desist from infringing its copyrights failed to resolve the issue. This lawsuit was resolved on November 8, 2006 by court order, signed by and with NEWSOME's consent, that: (a) permanently enjoined him from infringing certain copyrighted items; and (b) entered a judgment against him for $12,000.00 in damages (to be paid in $100.00 monthly installments to copyright owner Wiley). On March 13, 2007, the court entered an Order finding NEWSOME in contempt of the Court's November 8th Order.

Others also brought to NEWSOME's attention that copying and selling copyrighted works belonging to others was unlawful. For example, in an email exchange in late April and early May 2009, when a piracy investigator with CBT Nuggets told NEWSOME that "illegal traffic [in] our products on the internet . . . does not give you justification for violating our copyrights," Newsome responded "I am glad to hear that you are aware of your products being widely available on the internet . . . . I was not insinuating that this fact would give someone the right to violate a copyright." Similarly, companies hosting NEWSOME's PCTech101 websites

---

[1] In fact, none of the copyright owners named in the superseding indictment made their works freely available in this manner and none gave permission to NEWSOME to reproduce or distribute copies of their products.



advised him to remove copyrighted works being offered for sale from the site, in response to complaints from copyright owners in December 2006, June 2009, and July 2009.

Nevertheless, NEWSOME continued to willfully engage in copyright infringement as described in counts one through four. In response to continuing complaints from copyright owners, the Norfolk Division of the FBI opened an investigation and made undercover buys from NEWSOME and PCTech101. For example, on December 30, 2009, an FBI agent in Norfolk purchased from the PCTech101 website the "MCSE Training Set" for $24.99 and the "Windows 2008 Server Audio Training Set" for $29.99. After the FBI paid for the items by credit card, on or about January 8, 2010, PCTech101 mailed to the undercover FBI buyer in Virginia Beach in the Eastern District of Virginia, approximately 28 CDs comprising the items purchased. The FBI then provided copies of some of the items to Wiley, which confirmed that four of the CDs were illegal copies of four copyrighted works owned by the firm. Although PCTech101 sold these four works as part of its Microsoft Certified Engineer Training Set for a total of $24.99, Wiley reported that each of its four copyrighted works sells for $49.99.

The MCSE Training Set sold by PCTech101 to the undercover buyer also contained eight other copyrighted works owned, respectively, by CBT Nuggets and Virtual Training Company. After reviewing copies of the CDs mailed to the FBI by PCTech101, officials with both companies reported that the CDs contained illegal copies of copyrighted works owned by CBT Nuggets and Virtual Training Company. CBT Nuggets reported that its two copyrighted works sold at a retail price of $199.00 apiece. Virtual Training Company reported that its six copyrighted works retailed at $99.95 apiece.



The "Windows 2008 Server Audio Training Set" sold by PCTech101 and NEWSOME and delivered to the FBI on January 8, 2010 is a copyrighted work owned by Mark Minasi, who reported that he sells the genuine item for a retail price of $225.00.

On January 14, 2010, the Norfolk FBI case agent made additional undercover purchases from PCTech101 and again received CDs by mail sent to Virginia Beach. Again, the FBI sent the items received to the apparent copyright owners (The SANS Institute and Shon Harris), which each confirmed owning the copyrights to the illegally copied works sold by PCTech101. The SANS Institute indicated that the retail values of its genuine copyrighted works were $3,845.00, $4,295.00, $3,995.00, and $750.00, respectively. Shon Harris reported that her genuine copyrighted work retailed for $695.00.

On November 17, 2010, FBI agents executed a court-authorized warrant to search DENNIS NEWSOME's residence in Beacon, NY, and seized computers, hard drives, CDs and DVDs, and other records pertaining to the operation of PCTech101 and used by NEWSOME to willfully infringe copyrighted works owned by others, including the items listed in the forfeiture section of the indictment. DENNIS NEWSOME agrees to forfeit infringing articles trafficked or made in violation of federal law, property used and intended to be used (in whole or in part) to facilitate copyright infringement, and property constituting or derived from proceeds obtained, directly or indirectly, as a result of, or traceable to his copyright infringement. DENNIS NEWSOME agrees to waive a jury determination on forfeiture and, if the parties are unable to agree before sentencing on the specific amount of the proceeds or the specific items constituting contraband or facilitating property to be forfeited, agrees to have the Court determine the matter at or before sentencing.

When interviewed by the FBI during the search, DENNIS NEWSOME stated, among other things, that: (a) he has maintained the pctech101.com website for approximately five years and operated, for a period of time, a companion website at pctech101.net; (b) PCTech101 primarily operated as a "download and burn" service, in which customers selected items to buy, paid for them, and NEWSOME burned the items, such as software and training materials, to CDs/DVDs and mailed them to the customers; (c) he obtained the items sold from BitTorrent[2] file-sharing networks; and (d) he sold the items listed on the website to customers worldwide, made sales totaling approximately $27,000 during the period from October 2009 through May 2010, and used the profits to support his family.

As a result of the analysis of the seized items and subpoenaed financial records, the FBI case agent determined that, in the Eastern District of Virginia, and elsewhere: (1) from January 10, 2010 through July 10, 2010, NEWSOME copied, sold, and distributed approximately 70 copies of the copyrighted works noted in count one; (2) from July 9, 2009 through January 9, 2010, NEWSOME copied, sold, and distributed approximately 221 copies of the copyrighted works noted in count two; (3) from January 8, 2009 through July 8, 2009, NEWSOME copied, sold, and distributed approximately 277 copies of the copyrighted works noted in count three; (4) from July 7, 2008 through January 7, 2009, NEWSOME copied, sold, and distributed approximately 198 copies of the copyrighted works noted in count four; (5) all of these copies of copyrighted works were reproduced and distributed without the permission of the copyright

---

[2] The term "BitTorrent" refers to a popular peer to peer file-sharing protocol used in sharing large computer files containing, for example, copies of a movie, musical work, software, or computer game. Users participating in such a file-sharing network use a version of the BitTorrent protocol to download numerous, small pieces of a movie or software file from multiple peers (fellow users' computers which contain all or a portion of the file in question), which file is then reassembled after all the pieces have been downloaded.

owners; and (6) the total retail value of the copyrighted works that NEWSOME reproduced and distributed exceeded $2,500.00, with respect to each of the six month periods noted above and in counts one through four.

Defendant DENNIS O. NEWSOME admits the following concerning his offense and the sentencing guideline (U.S.S.G. § 2B5.3 - Criminal Infringement of Copyright) applicable to this case: (a) his offense involved the manufacture of infringing items under § 2B5.3(b)(3); (b) he received and expected to receive "private financial gain" from the offense, as defined in § 2B5.3(b)(4), application note 1, and 17 U.S.C. § 101; and (c) he did not timely notify authorities of his intention to enter a plea of guilty and therefore is not entitled to any third point for acceptance of responsibility under § 3E1.1(b).

Respectfully submitted,

Neil H. MacBride
United States Attorney

By: _____
Robert J. Krask
Assistant United States Attorney

After consulting with my attorney, I hereby stipulate that the above statement of facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
DENNIS O. NEWSOME, Defendant

I am DENNIS O. NEWSOME's attorney. I have carefully reviewed the above statement of facts with the defendant. To my knowledge, the defendant's decision to stipulate to these facts is an informed and voluntary one.

_____
Larry M. Dash
Assistant Federal Public Defender

7